case number 19-1734 Mary Erwin-Simpson and Kevin Simpson appellants versus Air Asia Berhard and Air Asia ex-Berhard. Ms. Durey for the appellants, Ms. Robertson for the appellees. Good morning counsel. Ms. Durey, please proceed when you're ready. Good morning. May it please the court. My name is Amanda Durey and I represent the appellants Mary Erwin-Simpson and Kevin Simpson in this traveling on an international Air Asia Berhard flight in May of 2016 from Malaysia to Cambodia when a flight attendant spilled hot water on her. The pain from the burns was so intense that she fainted in the bathroom. Air Asia flight attendants then continuously dropped her as they attempted to move her around the aircraft. She spent 10 days in a Cambodian hospital and later sought treatment in the United States, her principal and permanent place of Air Asia Berhard is an air carrier based out of Malaysia. Air Asia ex-Berhard is an affiliate of Air Asia who is also based out of Malaysia but who is domestically incorporated in the United States in Hawaii. They do share the same booking website and they operate connecting flights from the United States to Southeast Asia. Now the appeal today is concerned with the Montreal Convention which is a self-executing air carriage treaty that exclusively governs Simpson's rights against Air Asia because their injuries occurred on board an aircraft during international carriage. It creates a private right of action in the United States courts and the exclusive cause of action in this case. Article 33 of the Montreal Convention is where we're looking at today and that is concerned with the jury. Can I ask you, I know that you have your subject matter jurisdiction issue too but there's also a personal jurisdiction issue in the case and would you mind focusing on the personal jurisdiction question at the outset and just explaining how it is under the Daimler test which now governs the maintenance of a website would be enough to give rise to personal jurisdiction? Yes your honor and I do actually want to spend a bit of time on this issue because I know that this issue must be reached even if the court accepts the appellant's interpretation of article 33 section 2 so forgive me if it's slightly long-winded until I get to my point but I do want to address your question. The United States was an influential drafter of the Montreal Convention so it's easy to see how personal jurisdictional ideas are already baked into article 33 so the first two bases in article 33 section 1 are where an action can be brought where an action can be brought are the domicile of the carrier and the principal place of business of the carrier which for AirAsia Burr Harder both Malaysia and these echo general all-purpose jurisdiction. The other two jurisdictional locations are the place where the carrier has a place of business where the contract of air carriage was made and the court at the place of destination and those kind of call specific jurisdiction into mind because they arise out of or are related to the defendants case specific contacts with the forum. Article 33 section 2 exists with regard with regard to personal jurisdiction there's two ways to see it and one of the ways is through this element of consent within the Montreal Convention because article 33 section 2 sweeps quite broadly and it is invoked when a carrier does business in the passenger's domicile either directly or indirectly and when an air carrier undertakes international carriage of persons baggage or cargo in a signatory state party to the Montreal Convention it consents to the Montreal Convention of controlling law for the accidents that occur during these international flights so for example the Montreal Convention requires state parties to have their carriers maintain liability insurance for accidents arising out of the convention so what article 33 section 2. Are you making a consent based personal jurisdiction argument because I understood on the record in this case that the that the personal jurisdiction argument was based on contacts. It's I am making a consent argument and I'm also making an argument through the lens of general jurisdiction to go back to the consent article 33 section 2 actually tells us what it is requiring as far as contacts of the carrier to be held liable and what it really boils down to is some sort of purposeful availment that the air carrier operates services for carriage by passengers or for carriage of passengers by air either on its own aircraft or on another carriers aircraft and so on within 33 section 2 but under Daimler you know it of course is a very exacting standard of general jurisdiction but in Daimler the court did not foreclose the possibility that in an exceptional case that a corporation's operations in a forum other than its principal place of business or incorporated domicile could be of such a nature as to render it at home and it's so your argument is that the contacts with DC render AirAsia at home in DC at least that's how I understand the case to have been teed up is that correct your honor that is I would say almost almost correct but what we're really saying here is that it is the nature of the foreign air carriers international air carriage of passengers and that carriers binding strict liability under the Montreal Convention that brings them into jurisdiction within the United States and their hot there needs to exist this other jurisdiction which can be viewed through the lens of consent or through another space of all-purpose general jurisdiction because the Montreal Convention already provides for these bases for jurisdiction that we that we generally see such as place of incorporation place of domicile and then as well as specific jurisdiction so this was meant to sweep broadly and I do think that the way to understand it is through consent but it can also be viewed as this exceptional case I also think you're brief because as I'm looking at your brief on page 29 of your opening briefing in the present case only the District of Columbia's general jurisdiction over foreign corporations is at issue yes yes your honor and I don't think that consent was briefed explicitly but the word even appears in in the briefing if I'm not mistaken it's I mean it's an interesting theory but I have to say it's comes as a surprise the way I understood the discovery that was sought and the and the briefing that was made was that it was all going to the volume and frequency of Air Asia's contacts were through the website and there's no other allegation of any other context is there or any actual showing other contacts in DC in the District of Columbia no and so the question is whether this is the exceptional case under Daimler or even could be when the only contacts that have been identified and into which discovery was sought were through Air Asia's website is that right yes your honor and I think you know one thing that we have to consider when discussing a Montreal Convention case is that you know the Montreal Convention talks about jurisdiction I would say with a big J and overarching jurisdiction as a state party meaning a country and then we're also looking at jurisdiction within our own states of the United States right because the constitutional analysis is it is a context analysis and I mean you make an interesting suggestion that consent is is adequate under under the Constitution but it's just it's it's not an argument that I've seen developed in this case yes your honor I would I would ask that the court consider this argument that is that I am putting forth on at oral argument as there there really is not much case law as you this is an issue of first impression on article 33 section 2 and while the general jurisdiction argument for Daimler would be an exceptional case I understand that may be something that would be difficult for the court to hold and I do think that consent is really how this needs to be viewed so I actually wanted to discuss since we are discussing jurisdiction a little bit about how this 33 section 2 works in practice because I think that is really the best way to see how this article functions and as I mentioned there's really very little case law on article 33 section 2 and I was able to find one case where article 33 section 2 was invoked it was Javier V Philippines air which was cited to in the plaintiffs brief and in this case the court noted that there was personal jurisdiction for a flight from a Philippines based airline who operated flights out of America but the flight itself was from there was not even a suggestion that this was not improper under article 33 section 2 and the presence of Philippines air in the United States just by operating passengers by air on its aircraft and by conducting businesses and I see I'm out of time as of right now your honor sure you can you could finish this thought if you want but then we'll we'll give you a little bit of time and rebuttal to certainly if you could do it briefly and thanks the yes so the Philippines air was operating passengers by air on its aircraft it was conducting business through its California offices and that that suffice for the elements in article 33 section 2 and so the situation on appeal today will be just one step further and that is provided for by article 33 section 2 and I'll go back to that in my rebuttal thank you okay thank you I want to make sure that neither my colleagues have further questions for you in your okay thanks miss Robertson good morning your honors may it please the court I'm Cynthia Robertson appearing for the Apple ease areas of your hot and Asia expert hot to go to the consent argument here I don't believe that council is arguing that there's been actually there's been consent to personal jurisdiction procedurally I think and she can elaborate on this but I believe what she's arguing is that the consent comes from doing business in the United States but under the convention my understanding is that she's saying that that that under the convention that one is deemed to be a consenting party for purposes of litigation in a member state that's what I understand her argument to be yes and I guess I need to separate the two arguments here so under the convention you need to both conduct passenger flights or from the jurisdiction and you need to conduct business operations in that jurisdiction and areas of her HUD doesn't do either of those two things well if the jurisdiction is the is the United States for purposes of federal court and for purposes of the convention that AirAsia X does fly into Hawaii yes but AirAsia X is a separate carrier and a separate company it's listed separately from AirAsia bear hide on the Malaysian stock exchange that different corporate owners and they operate independently I realized they have they have similar names but they are entirely separate companies they website they they do they do market themselves on a website that you can that you can access to both airlines together and similar to other airlines that have alliances with with separate carriers so yes you can you can purchase connecting flights but AirAsia bear hide doesn't offer any flights to the United States it has no flight numbers in the United States so you can't take an AirAsia bear hide flight within the United States or to or from the United States you can take an AirAsia X flight but that's under a separate carrier flight number and a separate carrier we have I mean we've been mentioning Daimler and the and the briefing addresses it but we have our circuit precedent Gorman for example and FC investment group versus IFX markets suggests that contacts through a website could suffice for purposes of general jurisdiction in fact we did remand for further discovery at least in Gorman on that premise do we have to overrule those cases in order to rule for you I think there I think rather than overruling it would be more abrogating under under the Daimler standard because you need to have something the Daimler standard and the Goodyear standard say that you need something akin to a principal place of business in a jurisdiction so they have to be essentially at home here right the Fifth Circuit for example recently held that a website a general access website wasn't enough for general personal jurisdiction it would have it's probably dicta but what what it said was well what you really need is something that that's akin to a physical location and in the in the jurisdiction whatever at home means you're saying that that the Daimler cases just can't stand you can't distinguish them on their facts somehow they're just they've just been overtaken by Daimler so we would have to abrogate them yeah I mean in that sense yes I mean it's make the explicit ruling that's a more overruled to the extent that you know the door is probably open to some sort of website providing for general jurisdiction I that that it would have to be something closer to as the Fifth Circuit put it something akin to a principal place of business via the web and I would argue that that would that would be something like a web based product rather than what's more of a marketing device for a company that provides you know very much forgive the term bricks-and-mortar services interesting though because most I think most customers interaction at a buy-and-sell level with airlines is exclusively online I think it's been decades since I've been to an airline office actually purchased a ticket so so in that sense and that and you know that that's that's that's fair although not necessarily from the airline websites themselves I mean there are certainly the orbits and hot wires and the the airlines websites aren't the exclusive place to purchase tickets and not necessarily that the the primary place to do that and you know to the extent that areas are bear hide which is the sole carrier here and and the only one the only carrier that could be subject to subject matter jurisdiction under the Montreal Convention does not offer any flights to or from the United States you can take a connecting flight on AirAsia X or any other airline tell us again about AirAsia X in order to decide to grant the relief you seek which is to dismiss the case not to transfer it what would we what would we have to find about the lack of relationship between AirAsia bear hide and AirAsia X just just pin down for us why transfer to hope to Hawaii is not the right result here it's not the right result here because first of all the Montreal Convention is seeking a specific type of carrier relationship there so although flight services can be provided the treaty the treaty provision aside the treaty because if we don't have personal jurisdiction we don't have to reach subject matter jurisdiction questions right so we could just say we don't have personal jurisdiction will let the District of Hawaii figure out anything else and so I'm asking you I think in terms of personal jurisdiction why why is that why should we also think that that there's no personal jurisdiction in Hawaii I mean maybe I'm maybe I'm mischaracterizing where you were going but but I'm sorry to me to over talk you there a little bit of a delay the AirAsia X's connections with the u.s. are also also wouldn't meet the the Daimler standard for general jurisdiction either it offers a single route to and from Kuala Lumpur to Honolulu Hawaii it had it's sole business operations in the u.s. are in support of that single route it's a tiny fraction of AirAsia X's entire business and so well it there is there is a you know website that's available anywhere in the u.s. or you know frankly anywhere in the world it it's not specific that website isn't specific to the u.s. there's some marketing to the u.s. it doesn't reach the the level of general jurisdiction that Daimler demands even taken all together so that I mean that's the answer to that is that that AirAsia X really doesn't solve the appellants jurisdictional problems here is the answer to that so and you know similarly under under the treaty AirAsia X can't areas the fact that AirAsia X provides flight services to and from the u.s. doesn't fulfill the requirement because the treaty actually specifically requires that the carrier and there's no dispute that the carrier in this case is AirAsia Behrad must conduct flight services to and from the u.s. and that doesn't mean even even appellants counsel classifies you know what happens in areas flight relationship with various acts as connecting flights and the treaty isn't referring to connecting flights that happen outside of the u.s. it's talking about flights that are flight numbers within the u.s. and flight actual flight services provided in to and from the u.s. by the specific carrier Robertson you had said that there might be the exceptional case in which web alone could support personal jurisdiction so why why shouldn't we under our circuits liberal standard of remanding for discovery relating to personal jurisdiction why shouldn't we just remand and allow at least allow appellants to to find out what the facts are I mean besides the fact that the that the appellants haven't pled specific facts that would actually establish personal general personal jurisdiction via the web also there simply isn't any theory under which air Asia's website being available in the United States can establish anything like a principal place of business in in the United States it doesn't make air Asia bear had essentially at home here just because you know it accepts passengers from the United States doesn't mean that it has you know established itself as a here it doesn't offer flight services here and it hasn't chosen to set up business operations here it simply you know has a website from from which you know you can you can see its flight services but it's not even specifically directed at the United States much less creating a principal place of business here thank you unless my colleagues have further questions we'll go back to rebuttal for mr. a mystery will give you your two minutes of rebuttal thank you your honor I wanted to go back actually to the Javier case because this will address Daimler again a little bit so in Javier although not a situation jurisdiction wasn't wasn't addressed as such was it there was no personal jurisdiction claim made there and so it's it's a what we what we sometimes refer to as a drive-by jurisdictional determination or hidden hidden in the record and we don't generally credit those yes your honor and in that case there was the other plaintiff was dismissed however for lack of personal jurisdiction because he was a resident of Canada and tried to bring States which is really what the Montreal Convention was trying to prevent in article 33 section 2 was not so much bringing carriers to lawsuit but to prevent foreign plaintiffs from forum shopping and I did want to go back to how the record stands now as far as Air Asia and Air Asia X and any reasonable consumer would believe that they are the same air carrier you know most consumers don't don't think of affiliates they think of this is an air Asia flight and when you go to the booking website that is precisely what you get and I reference that standard because one of the things that that the Supreme Court has emphasized is I'm sorry go ahead and pick it up if you who would have thought we would have no I was just saying that one of the the points of emphasis of the Supreme Court's jurisdiction I mean certain courts doctrine and personal jurisdiction is whether the firm can predict and structure its activities so that it knows where it's exposing itself to suit and where it's not and so I'm just questioning why the consumers so as reasonable consumers perception would be controlling and your honor I am out of time but if I could respond to your question yes the it is important because Air Asia is setting forth this I I guess it would be a fiction that Air Asia and Air Asia X are in fact the same company and so it's going back to 33 section 2 of being in this commercial agreement that the drafters of the Montreal Convention really predicted was going to happen and it's not code agreement but it's as the drafters of the Montreal Convention said some form of joint provision or marketing of services as yet I'm dreamt of and I think that's what we have here and I don't think that the record is developed enough for us to understand fully what those commercial arrangements are thank you thank you counsel thank you to both counsel we'll take this case under submission
judges: Srinivasan, Henderson, Pillard